**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 99-4716

ANTHONY TYREE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-99-53)

Submitted: April 20, 2000

Decided: July 21, 2000

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary S. Bernstein, Towson, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Mythili Raman, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Tyree appeals his conviction on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1999). Tyree sought to suppress evidence that was seized from his house pursuant to a search warrant. When the district court declined to grant his motion to suppress, Tyree entered a conditional guilty plea to the offense, preserving his right to appeal the district court's rulings in the suppression hearing. He was sentenced to 188 months imprisonment followed by five years of supervised release, to run consecutive to a two-year term imposed for violation of supervised release in another offense.

We review de novo the district court's conclusions on probable cause under the Fourth Amendment. United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). Under Franks v. Delaware, 438 U.S. 154, 171-72 (1978), a defendant can attack a facially adequate affidavit supporting a search warrant in limited circumstances. If a defendant establishes that a material false statement essential to the finding of probable cause was included in the affidavit, and that the misstatement was made knowingly or with reckless disregard for its falsity, then the seized evidence should be suppressed. Id.; United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). Similarly, the intentional or reckless omission of material information necessary to the finding of probable cause should result in suppression of evidence. Colkley, 899 F.2d at 300-01.

Here, the district court did not err in concluding that no misstatement in or omission from the affidavit was either intentional or made with a reckless disregard for the truth. Nor was the information essential to the finding of probable cause. Therefore, this claim lacks merit.

Tyree also argues that his admission to owning the items found during the search was not voluntary. The Fifth Amendment guarantees that no one shall be compelled "to be a witness against himself" without the protections of due process. U.S. Const. amend. V. Where coercive police activity is alleged, the court must determine whether the defendant's will was overborne or his "capacity for self-

determination critically impaired." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 225 (1973). Courts look to the totality of the circumstances to make this determination. <u>United States v. Pelton</u>, 835 F.2d 1067, 1071 (4th Cir. 1987). On review, we independently assess the voluntariness issue, accepting the district court's factual findings unless they are clearly erroneous. <u>United States v. Braxton</u>, 112 F.3d 777, 781 (4th Cir. 1997). The Government bears the burden of establishing voluntariness by a preponderance of evidence. <u>Id.</u>

The existence of police threats, promises or other coercive activity does not make a confession involuntary unless the defendant's will has been overborne or his ability to make decisions seriously impaired. <u>Braxton</u>, 112 F.3d at 780-81. Here, the district court concluded that, in the totality of the circumstances, this was not the case. Our review of the record convinces us that the district court was correct in its assessment of this issue.

We affirm Tyree's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3